

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA



FRANCISCO PEREIRA, on behalf of :
himself and all others similarly :
situated, :
 :
            Plaintiffs, : CIVIL ACTION
 :
      v. : No. 07-cv-2157
 :
FOOT LOCKER, INC.; DOES 1 through :
10, inclusive, :
 :
            Defendants. :

## MEMORANDUM and ORDER

Joyner, J.                                          April 27, 2009

Before this Court is a Motion to Intervene by the Plaintiffs in <u>Cortes v. Foot Locker, Inc.</u>, No. 06-cv-1046 (AKD S.D.N.Y) (Doc. No. 72), Defendant Foot Locker's Response in Opposition (Doc. No. 77), Plaintiffs' Response in Opposition (Doc. No. 78) and Movant's Reply thereto (Doc. No. 80).

### BACKGROUND

Plaintiff, Francisco Pereira, on behalf of himself and others similarly situated, filed suit against Foot Locker, Inc., by filing a Complaint with this Court on May 25, 2007. Plaintiffs alleged violations of federal law pursuant to the Federal Fair Labor Standards Act of 1938, as amended, ("FLSA"), 29 U.S.C. § 201, et seq., as well as violations of state law,

1

pursuant to the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), as amended, 43 Pa.C.S.A. § 333.101, et seq., and the Pennsylvania Wage Payment and Collection Act ("PWPCA"), 43 Pa.C.S.A. § 260.1, et seq. Generally, Pereira seeks to recover unpaid wages and overtime compensation on behalf of himself and all current or former "Retail Employees" of Foot Locker nationwide who ultimately opt-in to the collective action pursuant to FLSA, 29 U.S.C. § 216(b), as well all current and former "Retail Employees" employed in the Commonwealth of Pennsylvania who do not affirmatively opt-out of the statewide class action pursuant to Fed.R.Civ.P. 23.

Plaintiffs in Cortes v. Foot Locker, Inc., filed suit on February 10, 2006, in the U.S. District Court of the Southern District of New York alleging New York state claims similar to the Pennsylvania state law claims alleged by plaintiffs in the present action, as well as a starkly similar FLSA claim. The Cortes plaintiffs assert that they learned of the present action on December 10, 2008 from documents gathered in discovery from their case. On December 23, 2008, the Cortes plaintiffs filed this Motion to Intervene in Pereira's FLSA action as of right pursuant to Fed.R.Civ.P. 24(a)(2) and, in the alternative, permissively, pursuant to Fed.R.Civ.P. 24(b). The Cortes plaintiffs desire to intervene for the purpose of "object[ing],

in part, to the Pereira motion for collective certification to the extent that it seeks to certify a collective action on behalf of all non-exempt employees of Foot Locker, including the Cortes putative collective action and class members." Mot. to Int. Memo. 10.  It should be noted that the state law claims raised in the two separate actions are distinct, as the Pennsylvania violations are alleged only for those employees who are or were employed in Pennsylvania and the New York violations are alleged only for those employees who are or were employed in New York.

## DISCUSSION

### I. Rule 24(a)(2): Intervention As of Right

The Cortes plaintiffs first argue that they are entitled to intervene as of right in the instant matter.  Fed.R.Civ.P. 24(a)(2) states,

> (a) On timely motion, the court must permit anyone to intervene who: (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests, unless existing parties adequately represent that interest.

The Third Circuit has held that to intervene as a matter of right, the intervenor must establish that: "(1) the application for intervention is timely; (2) the applicant has a sufficient

interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." Harris v. Pernsley, 820 F.2d 592, 596 (3d Cir. 1987).

The Cortes plaintiffs initially argue that, as plaintiffs seeking to intervene in a class action, they satisfy the second and third prongs of the Rule 24(a)(2) inquiry simply by the nature of a class action. In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortg. Loan Litig., 418 F.3d 277, 314 (3d Cir. 2005). In other words, the Cortes plaintiffs argue that as plaintiffs who could be included in the class claims under federal law, they naturally have sufficient interest in the litigation and may be affected or impaired by the disposition of the Pereira action. However, the case on which plaintiffs rely for this proposition, In re Cmty Bank, involved two opt-out classes, where absent class members who would have been committed to a class action without having to opt-in satisfied the second and third prongs without a full analysis.[1]

---

[1] "In the class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation. Therefore, when absent class members seek intervention as a matter of right, the gravamen of a court's analysis must be on the timeliness of the motion to intervene and on the adequacy of representation." In re Cmty. Bank, 418 F.3d at 314. Cortes plaintiffs seek to intervene only as to the FLSA claims and, therefore, Rule 23 does not apply.

4

The instant actions involve FLSA allegations and, as such, are opt-in actions that require potential class members to affirmatively opt-in to become members of the class. As Rule 23 class actions are on the whole separate and distinct from FLSA class actions, this Court declines to extend the same reasoning used in In re Cmty Bank to the two opt-in FLSA collective actions at issue here. Hence, the Cortes plaintiffs must meet each of the four prongs of the inquiry to establish their intervention as of right.

A. Timeliness

Timeliness is a not a purely temporal assessment of the time between plaintiffs' filing and intervenor's motion. It is well established that "[timeliness] is not just a function of counting days; it is determined by the totality of the circumstances." United States v. Alcan Aluminum, 25 F.3d 1174, 1181-1182 (3d Cir. 1994) (citing NAACP v. New York, 413 U.S. 345, 366, 93 S. Ct. 2591 (1973)). Factors to consider in making the timeliness determination include "(1) [h]ow far the proceedings have gone when the movant seeks to intervene, (2) the prejudice which resultant delay might cause to other parties, and (3) the reason for the delay." Choike v. Slippery Rock Univ., 297 Fed. Appx. 138, 140 (3d Cir. 2008) (citing In re Fine Paper Antitrust Litig., 695 F.2d 494, 500 (3d Cir. 1982)). Further, "[w]here a

party takes reasonable steps to protect its interest, its application should not fail on timeliness grounds." Id. In the instant case, Pereira, extensive discovery has been done since its 2007 filing; however, Pereira plaintiffs' briefing concerning collective class certification was only recently completed and a motion for leave to file an additional rebuttal (Doc. No. 91) is now pending. As collective certification has not taken place, no notices have been mailed to any putative class members. Additionally, the Cortes plaintiffs allege that they only learned about the Pereira action on December 10, 2008, and they then filed this motion to intervene on December 23, 2008, a relatively fast reaction. See Bradburn Parent/Teacher Store, Inc. v. 3M, 2004 U.S. Dist. LEXIS 25246, at *7-8 (E.D. Pa. Dec. 10, 2004) (citing Mountain Top Condo. Assoc. v. Stabbert Master Builder, Inc., 33 V.I. 311, 72 F.3d 361, 369 (3d Cir. 1995)) ("The length of time that the movant waits before seeking to intervene is measured from the point at which the movant knew, or should have known, of the risk to its rights."). Thus, the early stage of the Pereira action and the relative speed of the Cortes plaintiffs' response satisfy the requirement of timeliness in this matter.

B. Sufficient Interest and Whether the Interest May Be Affected or Impaired

6

Cortes plaintiffs must also demonstrate a "sufficient interest" in the case to have the right to intervention. In a case appealing a denial of intervention, the Third Circuit has stated that, "[t]o establish a sufficient interest for intervention, Appellants must demonstrate 'an interest relating to the property or transaction which is the subject of the action.'" Mountain Top, 72 F.3d at 366 (quoting Fed.R.Civ.P. 24(a)(2)). This interest must be "significantly protectable," i.e. "the interest must be a legal interest as distinguished from an interest of a general and indefinite character." Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 221 (3d Cir. 2005). Additionally, there must be a tangible threat to the legal interest of the proposed intervenors; generally, a "mere economic interest" is "insufficient to support a motion to intervene." Id. Finally, this interest must be one that may be "affected or impaired, as a practical matter, by the disposition of the action." Fed.R.Civ.P. 24(a)(2).

Intervenors argue that they have a sufficient interest in the Pereira action because, "if the Cortes plaintiffs opt-in to Pereira, it is likely that the federal court in New York would dismiss their state law claims for lack of supplemental jurisdiction, leaving pursuit of their state law claims and those of the putative Cortes class action in a precarious state, and

7

perhaps even barred." Reply Memo., 4. Additionally, they contend that they must "ensure that they and the Cortes putative collective and class action members obtain the greatest measure of relief and opportunities available to them." Id. The Pereira plaintiffs claim that due to the opt-in nature of the FLSA collective claim, intervention is unnecessary, as they are already attempting to protect the interests of all potential collective action members, including those in New York.

In light of the dual actions, we will analyze any possible interest that the Cortes plaintiffs may have and the "practical impact" of a disposition of the instant action on the Cortes plaintiffs. The Cortes plaintiffs have presented factual and legal claims against Foot Locker in their New York action that are very similar to those advanced by Pereira. If a notice is sent nationwide to collective class members in the Pereira action, the notices would certainly be sent to those Cortes plaintiffs in New York who could participate in the FLSA claim. Therefore, current and former Foot Locker employees in New York, part of the putative collective Cortes action, could soon be members of the Pereira action. In fact, Pereira states in its briefs that it hopes that these employees will opt-in to the Pereira action. Pl. Resp. Memo., 8 n. 2. Thus, we conclude that based on the proposition that Cortes plaintiffs will be asked to

8

opt-in to the Pereira action and become a member of the Pereira collective class, Cortes plaintiffs have a sufficient legal interest in the Pereira action.

In assessing how this interest may or may not be affected or impaired, we then look to the practical implications of a disposition in the instant matter without intervention. We first consider that the Cortes plaintiffs would only have an interest and, therefore, their interest could only be affected or impaired, if Cortes plaintiffs indeed opted-in to the Pereira class action for the FLSA claims. Any potential Cortes members who did not affirmatively opt-in to Pereira would be free to pursue their claims in the Cortes action under both FLSA and New York state law. However, the Cortes plaintiffs contend that if potential Cortes plaintiffs do opt-in to the Pereira action, the Cortes FLSA action may be dismissed, leaving only state law claims that could be dismissed for lack of supplemental jurisdiction by the Federal Court. The Cortes plaintiffs would then likely be left to pursue their claims in a separate action under New York state law. This Court must consider for purposes of intervention that, depending on the timing of class certification in both the instant action and the Cortes action, potential Cortes plaintiffs might opt-in to the Pereira action without knowledge of the Cortes action. While Cortes plaintiffs

9

might then be able to pursue their state claims by re-filing, we acknowledge that those New York plaintiffs who opt-in to the Pereira action and who are able to and wish to pursue their state claims may then be forced to litigate their claims in two locales: Philadelphia and New York City. The Cortes plaintiffs' interest in litigating their state and federal action would, therefore, be affected.

It should also be noted that other Cortes plaintiffs could also be affected by the Pereira action. The statute of limitations in the New York state claims is substantially longer than the statute of limitations in the FLSA claims.[2] Thus, the Cortes plaintiffs would include a sizeable group of persons who are unable to pursue a FLSA claim, but who are currently litigating their state law claims alongside the FLSA claims in the Cortes action. Thus, those New York state law plaintiffs who cannot pursue a FLSA claim might be forced to litigate their only claims anew if the state law claims are dismissed and they are able to refile. It is, hence, conceivable that the interest of all of the Cortes plaintiffs may be affected by parallel state and federal actions in different states.

Hence, after reviewing the facially similar factual and

---

[2] Under New York state law claims are governed by a six year statute of limitations, while the FLSA claims are governed by a two to three year statute of limitations, depending on a finding of willfulness. See N.Y. Lab. L. § 198; 29 U.S.C. § 255.

legal claims of the two actions and assessing the possible affects of not allowing Cortes plaintiffs to intervene, we find that Cortes plaintiffs have a sufficient interest that could be affected or impaired by this action.[3]

## C. Interest Is Not Adequately Represented By an Existing Party in the Litigation

The burden of showing inadequacy is satisfied by a "showing that (1) although the movant's interests are similar to those of one of the parties, they diverge sufficiently that the existing party cannot devote proper attention to the movant's interests; (2) there is collusion between the existing parties; or (3) the representative party is not diligently prosecuting its suit." Bradburn Parent/Teacher Store, Inc. v. 3M, 2004 U.S. Dist. LEXIS 25246, at *13-14 (E.D. Pa. Dec. 10, 2004) (citing United States v. Alcan Aluminum, Inc., 25 F.3d 1174, 1185 n.15 (3d Cir. 1994)). Otherwise stated, if the person seeking to intervene has the same goal as the existing party, there is a presumption of adequacy; "[t]o overcome the presumption of adequate representation, the proposed intervenor must ordinarily demonstrate adversity of interest, collusion, or nonfeasance on the part of a party to the

---

[3] Pereira plaintiffs argue that Cortes plaintiffs are harming the interest of the potential class members by waiting a long period of time to file for class certification; however, whether any delay in filing for class certification could be harming potential Cortes class members does not negate the possibility that the Cortes plaintiffs have an interest in the present action.

suit." In re Cmty. Bank, 418 F. 3d at 315 (citing Int'l Tank Terminals, Ltd. v. M/V Acadia Forest, 579 F.2d 964, 967 (5th Cir. 1978)).

Considerations (2) and (3) are not substantially at issue here, as there has been no allegation of collusion of the parties and Pereira plaintiffs are sufficiently prosecuting the suit by filing for collective certification and otherwise litigating this action. Hence, the Court focuses on whether the interests of the intervenors diverge sufficiently from those of the existing party, such that the existing party cannot devote adequate attention to the movants' interest and the interests are adverse.

In arguing that their interests are not represented adequately in the Pereira action, Cortes plaintiffs contend that because the statute of limitations for their New York state law claims is longer than those under FLSA, the interests of New York employees cannot being fairly represented in the Pereira action. Again, it should be noted that Cortes plaintiffs could only be included in Pereira's FLSA nationwide action and not, by definition, in the claim under Pennsylvania law that covers only those Retail Employees who are or were employed in Pennsylvania. Pereira plaintiffs argue that it is adequately representing the interest of the New York employees by filing for collective certification and otherwise litigating its case against Foot

12

Locker.

This factor dovetails with the concerns raised in Part I(B) regarding the Cortes plaintiffs' possibility of litigating dual actions in New York and Pennsylvania. Presumably, the Cortes plaintiffs with viable FLSA claims would have their FLSA claims adequately represented in the Pereira action, as the FLSA claims are substantively the same and share the same goal. However, New York plaintiffs with FLSA claims clearly also have New York claims that they are litigating together in Cortes. The New York state claims would involve more relief than the FLSA statutes, as plaintiffs may claim damages for up to six years, as opposed to three under FLSA. Thus, in litigating the FLSA claims and New York state claims together, the New York plaintiffs' substantive goal may be different than that of the Pennsylvania plaintiffs' FLSA claim. In this context, Cortes plaintiffs are moving to intervene for the purpose of objecting to the collective action certification as it pertains to the New York employees, thereby allowing them to continue litigating their FLSA claims and New York state claims in the same action. In Goldman v. RadioShack, 2003 U.S. Dist. LEXIS 7611, at *22 (E.D. Pa. April 17, 2003), the Court, in ruling on conditional certification of a FLSA claim and class certification of state law claims, held that a parallel opt-in collective action pending in another jurisdiction would

not affect the disposition in the opt-in action certification pending before it. In so deciding, the Court significantly weighed the fact that the parallel opt-in action concerned only federal law claims, while the action before it concerned both federal and state law claims, thereby allowing "greater relief" for those plaintiffs in the Pennsylvania action. Id. at 23. The relief available to New York plaintiffs who have both federal and state claims is similarly distinct to the possible relief in Pereira. Thus, while this Court does not yet rule on whether the Cortes plaintiffs will be excluded from the certification, we recognize the substantive differences in possible relief. Thus, we cannot find that the Pereira plaintiffs adequately represent the interests of the Cortes plaintiffs, when the Cortes plaintiffs have a distinct goal that could be fractured by a disposition in this case.

As we find that Cortes plaintiffs have moved timely, with an interest that may be affected by a disposition in the present action and that may not be adequately presented by Pereira plaintiffs, we hold that the Cortes plaintiffs may intervene as of right.

## II. Rule 24(b): Permissive Intervention

In the alternative, intervenors ask that they be allowed to

permissibly intervene in the Pereira action pursuant to Rule 24(b).  Generally, "[u]nder Fed.R.Civ.P. 24(b), upon timely application, anyone may be permitted to intervene in an action when the applicants' claim or defenses in the main action have a question of law or fact in common."  Kitzmiller v. Dover Area Sch. Dist., 229 F.R.D. 463, 471 (M.D. Pa. 2005).  Intervention is within the court's discretion and the court considers "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  Fed. R. Civ. P. 24(b).  Even if we had found that Cortes plaintiffs could not intervene as of right, we would have held that they could intervene permissively.  While it is as yet unclear how exactly the Pereira action may affect the Cortes plaintiffs, they certainly share common questions of fact or law and, as we have not yet ruled on the pending Motion for Conditional Collective Certification, the intervention of Cortes plaintiffs will not unduly delay or prejudice the Pereira plaintiffs.

### III. Rule 24(c): Notice and Pleading Requirements

Pereira plaintiffs argue that Cortes plaintiffs have not complied with Fed.R.Civ.P. 24 (c) which requires that the "motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which

15

intervention is sought." Fed.R.Civ.P. 24(c). Cortes plaintiffs have clearly stated the claims to which they will object if allowed to intervene and have, in effect, complied with the rule by stating the grounds for their intervention and setting out the claim of objecting to the Pereira collective action. Additionally, the Cortes plaintiffs attached their pleading from the New York action which contains the overlapping FLSA claims in which it seeks to intervene.

The interpretation of this rule is generally liberal, particularly when the actions of the movant have provided the basis and nature for their intervention. Philadelphia Recycling & Transfer Station v. City of Philadelphia, 1995 U.S. Dist. LEXIS 12773, at *8 (E.D. Pa. Aug. 29, 1995) ("Liberal construction of the rule is especially appropriate when the policy behind Rule 24(c) of providing notice to the existing parties of the basis and nature of the intervenor's claim has been satisfied."). The fact that a separate recounting of the claim is not attached to the motion will, in this instance, not be fatal to their motion to intervene.

## CONCLUSION

Pursuant to Fed.R.Civ.P. 24(a)(2), Cortes plaintiffs' Motion to Intervene is GRANTED. Having granted intervention, this Court

16

will thus consider the remaining "Motion to Object" that was incorporated in the Motion to Intervene, and responses thereto filed by Plaintiff and Defendant, in ruling on the pending Motion for Conditional Collective Certification, in so far as the <u>Cortes</u> plaintiffs are objecting to their inclusion in such a proposed collective certification.[4]

An appropriate Order is attached.

ENTERED
APR 30 2009
CLERK OF COURT

4/30/09 mail:
Breach Page
Bladstone Smith

---

[4]In the instant Memorandum and Order, this Court has ruled exclusively on the Motion to Intervene and has declined to yet rule on the accompanying question of whether Cortes plaintiffs's objection to being included in a possible nationwide putative collection action will be granted.