```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


FRANCISCO PEREIRA, on behalf of    :
himself and all others similarly   :
situated,                          :
                                   :
            Plaintiffs,            :   CIVIL ACTION
                                   :
    v.                             :   No. 07-cv-2157
                                   :
FOOT LOCKER, INC., et al.,         :
                                   :
            Defendants.            :
```

**MEMORANDUM and ORDER**

**Joyner, J.**                                              **December 7, 2009**

Before this Court is a Motion to Intervene for All Purposes by Intervenor Plaintiffs by the Plaintiffs in <u>Cortes v. Foot Locker, Inc.</u>, No. 06-cv-1046 (S.D.N.Y) (Doc. No. 120), and responses thereto (Doc. Nos. 123, 124).

**BACKGROUND**

Plaintiff, Francisco Pereira, on behalf of himself and others similarly situated, filed suit against Foot Locker, Inc., by filing a Complaint with this Court on May 25, 2007. Plaintiffs alleged violations of federal law pursuant to the Federal Fair Labor Standards Act of 1938, as amended, ("FLSA"), 29 U.S.C. § 201, <u>et seq.</u>, as well as violations of state law, pursuant to the Pennsylvania Minimum Wage Act of 1968 ("PMWA"),

1

as amended, 43 Pa.C.S.A. § 333.101, et seq., and the Pennsylvania Wage Payment and Collection Act ("PWPCA"), 43 Pa.C.S.A. § 260.1, et seq. Generally, Pereira seeks to recover unpaid wages and overtime compensation on behalf of himself and all current or former "Retail Employees" of Foot Locker nationwide who ultimately opt-in to the collective action pursuant to FLSA, 29 U.S.C. § 216(b), as well all current and former "Retail Employees" employed in the Commonwealth of Pennsylvania who do not affirmatively opt-out of the statewide class action pursuant to Federal Rule of Civil Procedure 23.

Plaintiffs in Cortes v. Foot Locker, Inc., filed suit on February 10, 2006, in the U.S. District Court of the Southern District of New York alleging New York state claims similar to the Pennsylvania state law claims alleged by Plaintiffs in the present action, as well as a starkly similar FLSA claim.  The Cortes plaintiffs assert that they learned of the present action on December 10, 2008 from documents gathered in discovery from their case.  On December 23, 2008, the Cortes plaintiffs filed this Motion to Intervene in Pereira's FLSA action as of right pursuant to Federal Rule of Civil Procedure 24(a)(2) and, in the alternative, permissively, pursuant to Rule 24(b) in order to object to Plaintiff's motion for collective certification to the extent that it sought to certify a collective action on behalf of

2

all non-exempt employees of Foot Locker, including the <u>Cortes</u> putative collective action and class members.  The Court granted Intervenor Plaintiffs' Motion on April 27, 2009 (Doc. No. 96) and allowed the <u>Cortes</u> plaintiffs to intervene for the purpose of objecting to Plaintiff's Motion.

Intervenor Plaintiffs are now moving to intervene in this action for all purposes pursuant to Federal Rule of Civil Procedure 24(a) or alternatively, pursuant to Rule 24(b).

## <u>DISCUSSION</u>

### I. Rule 24(a)(2): Intervention As of Right

The <u>Cortes</u> plaintiffs first argue that they are entitled to intervene as of right in the instant matter.  Federal Rule of Civil Procedure 24(a)(2) states,

> (a) On timely motion, the court must permit anyone
> to intervene who: (2) claims an interest relating to
> the property or transaction that is the subject of
> the action, and is so situated that disposing of the
> action may as a practical matter impair or impede
> the movant's ability to protect its interests,
> unless existing parties adequately represent that
> interest.

The Third Circuit has held that to intervene as a matter of right, the intervenor must establish that: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or

impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." Harris v. Pernsley, 820 F.2d 592, 596 (3d Cir. 1987). The burden is on the prospective intervenor to make the required showing of all four elements. U.S. v. Alcan Aluminum, 25 F.3d 1174, 1181 n.9 (3d Cir. 1994).

**A. Timeliness**

Timeliness is a not a purely temporal assessment of the time between plaintiff's filing and intervenor's motion. It is well established that timeliness is determined by the totality of the circumstances, not just by counting days. United States v. Alcan Aluminum, 25 F.3d 1174, 1181-1182 (3d Cir. 1994) (citing NAACP v. New York, 413 U.S. 345, 366 (1973)). Factors to consider in making the timeliness determination include "(1) [h]ow far the proceedings have gone when the movant seeks to intervene, (2) the prejudice which resultant delay might cause to other parties, and (3) the reason for the delay." Choike v. Slippery Rock Univ., 297 Fed. Appx. 138, 140 (3d Cir. 2008) (citing In re Fine Paper Antitrust Litig., 695 F.2d 494, 500 (3d Cir. 1982)). Further, "[w]here a party takes reasonable steps to protect its interest, its application should not fail on timeliness grounds." Id.

In the instant case, Pereira, extensive discovery has been

4

done since its 2007 filing and the parties have submitted class notice to the Court to be approved; however, Intervenor Plaintiffs quickly moved to intervene for all purposes once they were encouraged to do so by the Cortes Court.  Prior to this Court's conditional class certification, the Cortes plaintiffs had no reason to seek to intervene for all purposes as they thought that their case in the Southern District of New York would be sufficient to address their claims.  However, Intervenor Plaintiffs quickly moved for intervention for all purposes after this Court's decision on the Motion for Conditional Collective Certification.

　　Currently, Foot Locker's Motion for Leave to Appeal the Grant of Conditional Collective Certification is pending before the Court.  Additionally, the Court has stayed the joint motion by the parties in this case for approval of FLSA notice, and therefore, no notices have been mailed to any putative class members.  Thus, the early stage of the Pereira action and the relative speed of the Cortes plaintiffs' response satisfy the requirement of timeliness in this matter.  Although some delay in notice will result to allow Intervenor Plaintiffs to have input on the class notice, this delay will cause no prejudice to the

Periera class members.[1]

**B. Sufficient Interest and Whether the Interest May Be Affected or Impaired**

The Cortes plaintiffs must also demonstrate a "sufficient interest" in the case to have the right to intervention.  In a case appealing a denial of intervention, the Third Circuit has stated that, "[t]o establish a sufficient interest for intervention, Appellants must demonstrate 'an interest relating to the property or transaction which is the subject of the action.'" Mountain Top, 72 F.3d at 366 (quoting Fed. R. Civ. P. 24(a)(2)).  This interest must be "significantly protectable," *i.e.* "the interest must be a legal interest as distinguished from an interest of a general and indefinite character."  Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 221 (3d Cir. 2005).  Additionally, there must be a tangible threat to the legal interest of the proposed intervenors; generally, a "mere economic interest" is "insufficient to support a motion to intervene."  Id.  Finally, this interest must be one that may be "affected or impaired, as a practical matter, by the disposition of the action."  Fed. R. Civ. P. 24(a)(2).

---

[1] Intervenor Plaintiffs do not seek to amend the class to include Assistant Managers, therefore the delay caused by allowing the Cortes plaintiffs to intervene for all purposes in this suit is small.

Intervenors argue that they have a sufficient interest in the Pereira action because, if the Cortes plaintiffs opt-in to Pereira, it is likely that the federal court in New York would dismiss their state law claims for lack of supplemental jurisdiction, leaving pursuit of their state law claims and those of the putative Cortes class action in a precarious state. Additionally, they contend that they must ensure that they and the Cortes putative collective and class action members obtain the greatest measure of relief and opportunities available to them.

In light of the dual actions, we will analyze any possible interest that the Cortes plaintiffs may have and the practical impact of a disposition of the instant action on the Cortes plaintiffs. The Cortes plaintiffs have presented factual and legal claims against Foot Locker in their New York action that are very similar to those advanced by Pereira. Additionally, the notice that will be sent nationwide to collective class members will include Cortes plaintiffs in New York who could participate in the FLSA claim. Therefore, current and former Foot Locker employees in New York, part of the putative collective Cortes action, could soon be members of the Pereira action. Thus, we conclude that based on the fact that Cortes plaintiffs will be asked to opt-in to the Pereira action and become a member of the

Pereira collective class, Cortes plaintiffs have a sufficient legal interest in the Pereira action.

In assessing how this interest may or may not be affected or impaired, we then look to the practical implications of a disposition in the instant matter without intervention.  This Court's conditional certification of a collective action includes many of the putative Cortes class members.  As a result of this, Judge Hellerstein in the Southern District of New York has stayed the FLSA claims of the Cortes plaintiffs and advised them to intervene for all purposes in this litigation.  Movants argue that Judge Hellerstein only has two options regarding the remaining FLSA claims in the Southern District of New York: (1) keep the Cortes FLSA action to the extent it seeks to certify a collective action of Assistant Managers, who are not included in the present case; or (2) transfer all of the FLSA claims to the Eastern District of Pennsylvania.  The movants argue that the interests of the Cortes plaintiffs who worked as Assistant Managers will be impaired if they cannot participate fully in this case.  Movants fear that without full participation in this case, the Court may reach a decision on the merits of Plaintiffs' FLSA claims without hearing the Assistant Managers' FLSA claims which would prevent the Assistant Managers in Cortes from fully litigating their FLSA claims.  Collateral estoppel is of

particular concern in this case because the factual and legal issues in Pereira and Cortes are virtually identical.

Hence, after reviewing the facially similar factual and legal claims of the two actions and assessing the possible affects of not allowing Cortes plaintiffs to intervene, we find that Cortes plaintiffs have a sufficient interest that could be affected or impaired by this action.

**C. Interest Is Not Adequately Represented By an Existing Party in the Litigation**

The burden of showing inadequacy is satisfied by a "showing that (1) although the movant's interests are similar to those of one of the parties, they diverge sufficiently that the existing party cannot devote proper attention to the movant's interests; (2) there is collusion between the existing parties; or (3) the representative party is not diligently prosecuting its suit." Bradburn Parent/Teacher Store, Inc. v. 3M, 2004 U.S. Dist. LEXIS 25246, at *13-14 (E.D. Pa. Dec. 10, 2004) (citing United States v. Alcan Aluminum, Inc., 25 F.3d 1174, 1185 n.15 (3d Cir. 1994)). Otherwise stated, if the person seeking to intervene has the same goal as the existing party, there is a presumption of adequacy; "[t]o overcome the presumption of adequate representation, the proposed intervenor must ordinarily demonstrate adversity of

9

interest, collusion, or nonfeasance on the part of a party to the suit." In re Cmty. Bank of Northern Virginia, 418 F. 3d 277, 315 (3d Cir. 2005) (citing Int'l Tank Terminals, Ltd. v. M/V Acadia Forest, 579 F.2d 964, 967 (5th Cir. 1978)).

Considerations (2) and (3) are not substantially at issue here, as there has been no allegation of collusion of the parties and Pereira plaintiffs are sufficiently prosecuting the suit by filing for collective certification and otherwise litigating this action. Hence, the Court focuses on whether the interests of the intervenors diverge sufficiently from those of the existing party, such that the existing party cannot devote adequate attention to the movants' interest and the interests are adverse.

This factor dovetails with the concerns raised in Part I(B) regarding the Cortes plaintiffs' possibility of litigating dual actions in New York and Pennsylvania and the concerns about collateral estoppel. Presumably, the Cortes plaintiffs with viable FLSA claims would have their FLSA claims adequately represented in the Pereira action, as the FLSA claims are substantively the same and share the same goal. However, New York plaintiffs with FLSA claims clearly also have New York claims that they are litigating together in Cortes. The New York state claims would involve more relief than the FLSA statutes, as plaintiffs may claim damages for up to six years, as opposed to

three under FLSA.  Thus, in litigating the FLSA claims and New York state claims together, the New York plaintiffs' substantive goal may be different than that of the Pennsylvania plaintiffs' FLSA claim.

Additionally, the Cortes plaintiffs are alleging FLSA claims that arose while they held the title of Assistant Manager. Plaintiff has not included Assistant Managers in their FLSA class while the Cortes class includes Assistant Managers.[2]  Since Plaintiff does not seek to represent the interests of class members who were employed by Foot Locker as Assistant Managers, he cannot adequately represent the Cortes plaintiffs.  The Cortes plaintiffs need to be involved in this case in order to prevent any decisions which might negatively affect the class in Cortes which is not identical to the class in this case, but has many overlapping potential class members.

As we find that <u>Cortes</u> plaintiffs have moved timely, with an interest that may be affected by a disposition in the present action and that may not be adequately presented by <u>Pereira</u> plaintiffs, we hold that the <u>Cortes</u> plaintiffs may intervene as of right.

---

[2] It should be noted that Intervenor Plaintiffs have claimed they do not want to enlarge the class in this case to include Assistant Managers and that they merely seek to ensure that any claims the Assistant Managers have which may be different from the class in this case are protected.

**II. Rule 24(b): Permissive Intervention**

In the alternative, intervenors ask that they be allowed to permissibly intervene in the Pereira action pursuant to Rule 24(b). Intervention is within the court's discretion and the court considers "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). Even if we had found that Cortes plaintiffs could not intervene as of right, we would have held that they could intervene permissively. The Pereira action and the Cortes action share common questions of fact or law and, the intervention of the Cortes plaintiffs will not unduly delay or prejudice the Pereira plaintiffs as class notice has not yet been sent out, as discussed above.

**III. Rule 24(c): Notice and Pleading Requirements**

Plaintiff argues that Cortes plaintiffs have not complied with Federal Rule of Civil Procedure 24(c) which requires that the "motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Cortes plaintiffs have clearly stated the claims to which they seek to intervene and have, in effect, complied with the rule by stating the grounds for their intervention. Additionally, the Cortes

12

plaintiffs attached their pleading from the New York action which contains the overlapping FLSA claims in which it seeks to intervene. The claims on Cortes plaintiffs have stated that they wish to intervene as full party plaintiffs and participate in the litigation as such.

The interpretation of this rule is generally liberal, particularly when the actions of the movant have provided the basis and nature for their intervention. Philadelphia Recycling & Transfer Station v. City of Philadelphia, 1995 U.S. Dist. LEXIS 12773, at *8 (E.D. Pa. Aug. 29, 1995) ("Liberal construction of the rule is especially appropriate when the policy behind Rule 24(c) of providing notice to the existing parties of the basis and nature of the intervenor's claim has been satisfied."). The fact that a separate recounting of the claim is not attached to the motion will, in this instance, not be fatal to their motion to intervene.

**CONCLUSION**

Pursuant to Federal Rule of Civil Procedure 24(a)(2), Cortes plaintiffs' Motion to Intervene for All Purposes is granted.

An appropriate Order is attached.