IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRANCISCO PEREIRA, on behalf of : 
himself and all others similarly :
situated, :
 :
        Plaintiff, : CIVIL ACTION
 :
  v. : No. 07-cv-2157
 :
FOOT LOCKER, INC.; DOES 1 through :
10, inclusive, :
 :
        Defendants. :

**MEMORANDUM and ORDER**

Joyner, J.                                                            January 25, 2010

Before this Court is Plaintiff's Motion to Amend September 15, 2009 Order to Certify for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) (Doc. Nos. 109, 110) and Responses thereto (Doc. Nos. 119, 121, 122).

**I. Background**

Plaintiff filed this action in the Eastern District of Pennsylvania on May 25, 2007, alleging that Defendant Foot Locker,[1] had violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), as amended 43 Pa. C. S. C. § 333.101, *et seq.*, and the Pennsylvania Wage Payment and Collection Act ("PWPCA"), 43 Pa. C.

---

[1] Defendant Foot Locker, Inc., includes stores branded "Foot Locker," "Lady's Foot Locker," "Kid's Foot Locker," and "Foot Action."

1

S. A. § 260.1, *et seq.*, by not compensating workers for hours worked and not compensating for overtime. Generally, Plaintiff alleges that Defendant has a central policy of strictly enforcing restricted hours budgets that are not adequate to do the work of the store. Specifically, Plaintiff alleges that time spent pre-opening and post-closing, doing necessary work for the maintenance of the store, is not compensated and employees are required to work off-the-clock or have their time shaved in order to do this work. Plaintiff alleges that Defendants enforced the policy by directly tying the compensation of the store managers to meeting the unrealistic labor budget set by Foot Locker corporate and by punishing managers for "going over" the insufficient budget. Defendant vigorously denies the allegations.

Plaintiff Pereira formerly worked at numerous Foot Locker stores under four different managers. In his declaration, he attests that he was not compensated for pre-opening and post-closing work because his manager was forced to stay within his restricted labor budget. Plaintiff's Complaint alleges both federal and state violations as follows: Count I: Failure to pay Plaintiff and each member of the nationwide class for all hours worked and failure to pay overtime compensation in violation of FLSA, 29 U.S.C. §§ 206, 207; Count II: Failure to compensate Plaintiff and each member of the nationwide class for all time

worked off-the-clock and for shaved time, at a rate at least equal to the federal minimum wage; Count III: Failure to pay Plaintiff and each member of the Pennsylvania class for all of hours worked in violation of 43 P.S. § 333.104(a); Count IV: Failure to pay overtime to Plaintiff and each member of the Pennsylvania class in violation of 43 P.S. §333.104() and 34 Pa. Code § 231.41; Count V: Failure to pay Plaintiff and all members of the Pennsylvania class all wages due to them as required by Pennsylvania Labor Laws, in violation of 43 P.S. § 260.3 and 43 P.S. § 260.5. Plaintiff has pled jurisdiction for the FLSA claims under 28 U.S.C. § 1331 and under 28 U.S.C. §1367 for the state law claims. Three additional Plaintiffs have filed declarations opting-in to the action.

Discovery has been active in the case and Plaintiff has provided the Court with declarations, time sheets, sales records, internal complaints, internal documents and depositions. In its defense, Foot Locker has challenged Plaintiff's evidence with numerous declarations of putative plaintiffs who claim never to have worked off-the-clock or had their time shaved, as well as evidence of company policies, records of discipline, and time sheet evidence refuting that of the Plaintiff.

The Court granted conditional collective certification pursuant to 29 U.S.C. § 216(b) on September 11, 2009 (Doc. No. 104). Then on December 7, 2009, the Court granted Intervenor

Plaintiffs' Motion to Intervene for All Purposes (Doc. No.125). Defendants now request that this Court certify the granting of collective certification for immediate appeal pursuant to 28 U.S.C. § 1292(b). Plaintiffs oppose Defendants' Motion.

## II. Standard

Under 28 U.S.C. § 1292(b), when a district judge is of the opinion that an order, which is not otherwise appealable under Section 1292, involves a controlling question of law to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he may certify that order for immediate appeal. 28 U.S.C. § 1292(b). Additionally, a district court may issue an amended order to state that such conditions for immediate appeal are met, "either on its own or in response to a party's motion . . ." Fed. R. App. P. 5(a).

In determining whether to certify an issue for immediate appeal, the Court must determine: (1) whether the issue is a controlling question of law; (2) whether there are substantial grounds for difference of opinion regarding the issue under consideration; and (3) whether an immediate appeal will materially advance the ultimate termination of the litigation. Milbert v. Bison Lab., Inc., 260 F.2d 431, 433 (3d Cir. 1958); Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974);

4

Orson, Inc. v. Miramax Film Corp., 867 F. Supp. 319, 320 (E.D. Pa. 1994). If all of these conditions are met, then a court may certify an issue for immediate appeal. Katz v. Carte Blanche Corp., 496 F.2d at 754. Additionally, the Third Circuit generally does not follow a policy of freely accepting appeal from grant of class action certification where such action is grounded in discretionary power of district court. Link v. Mercedes-Benz of North America, Inc., 550 F.2d 860, 862 (3d Cir. 1977) certiorari denied 431 U.S. 933 (1977). Therefore, in order for a class certification decision to qualify for interlocutory review, it must involve special factors which take it outside ambit of general rule. Id.

The Third Circuit has noted that Congress intended for Section 1292(b) to be used sparingly. "[Section 1292(b) is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation. Both the district judge and the court of appeals are to exercise independent judgment in each case and are not to act routinely." Milbert v. Bison Lab., Inc., 260 F.2d 431, 433 (3d Cir. 1958). Additionally, certifying a decision for appeal is discretionary even if the criteria for interlocutory appeal are present. Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976).

## III. Discussion

Defendant Foot Locker requests that the Court certify its September 15, 2009 Order for immediate appellate review pursuant to Federal Rule of Appellate Procedure 5(a) and 28 U.S.C. § 1292(b). The two issue that Foot Locker believes warrant review are: (1) whether, and to what degree, the Court should consider a defendant's evidence weighing against a finding that plaintiff and others are "similarly situated" at the first, or conditional, stage of review under 29 U.S.C. § 216(b); and (2) the appropriate standard to be applied in determining whether an FLSA collective action plaintiff and others are "similarly situated" as that term is used in 29 U.S.C. § 216(b), including cases where there has been an opportunity for discovery and development of proof on both sides. Foot Locker argues that the Court was not barred from considering Foot Locker's evidence that Plaintiff was not "similarly situated" to others in determining whether to grant conditional collective certification under the FLSA.

In determining whether to grant collective certification we required Plaintiff to make a modest factual showing that the Plaintiff's proposed class consists of similarly situated employees who were collectively the victims of a single decision, policy, or plan. Foot Locker argues that neither the "mere allegations" test nor the "modest factual showing" test is

appropriate, given the extensive discovery and submissions of the parties.

Defendant seeks to compare this situation to class certification under Federal Rule of Civil Procedure 23. Nearly all the cases which Defendant cites deal with the interpretation of Rule 23. Foot Locker argues that the same rationale for Rule 23(f) - the fact that certification decisions ultimately control the vast majority of class action lawsuits, by applying pressure to settle - applies in this case and therefore we should certify these issues for immediate appeal in order to avoid harm to Defendants. Further Foot Locker argues that although decertification is a possibility, the potential harm which could be done to them by granting certification at this time justifies an immediate appeal.

## A. Controlling Question of Law

Defendant argues that the issues of (1) whether, and to what degree, the Court should consider a defendant's evidence weighing against a finding that plaintiff and others are "similarly situated" at the first, or conditional, stage of review under 29 U.S.C. § 216(b) and (2) the appropriate standard to be applied in determining whether an FLSA collective action plaintiff and others are "similarly situated" as that term is used in 29 U.S.C. § 216(b) are controlling questions of law because the conditional certification and the sending of notice to a broad group of

people are often determinative of the outcome of a case because defendants often settle as a result of class certification.

A controlling question of law is one that would result in a reversal of a judgment after final hearing. <u>Piazza v. Major League Baseball</u>, 836 F. Supp. 269, 270 (E.D. Pa. 1993). "A controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal." <u>Katz v. Carte Blanche Corp.</u>, 496 F.2d 747, 754 (3d Cir. 1974).

Where a court's decision is conditional, and may be altered or amended before decision on the merits, the decision is not a controlling question of law to be reviewed under § 1292(b). See <u>Link v. Mercedes-Benz of North America, Inc.</u>, 550 F.2d 860, 863 (3d Cir. 1976) ("Because Rule 23(c) provides that the district court's determination to permit a class action 'may be conditional, and may be altered or amended before the decision on the merits,' that determination, in and of itself, does not present a 'controlling question of law' to which this court should be hospitable under s 1292(b)."); <u>Sutton v. Medical Service Assoc. Of Pa.</u>, 1993 WL 273429, at *5 (E.D. Pa. July 20, 1993). Additionally, the Third Circuit has held that, "If the district court has qualms about determining a class, because it has a serious question whether it is 'apply(ing) the correct criteria to the facts of the case,' . . . it should not certify

for Section 1292(b) consideration without stating persuasive reasons why the particular class action question is so unusual as to demand the intervention of an appellate court." Link v. Mercedes-Benz of North America, Inc., 550 F.2d at 863. Finally, in general the Third Circuit has found that if there is a prospect that the trial court may itself alter the challenged ruling, there is little justification for immediate appellate intrusion. Lusardi v. Xerox Corp., 747 F.2d 174, 178 (3d Cir. 1984).

The Court finds that neither issue raised by Defendant is a controlling question of law. The Court's decision to certify the class was conditional. Therefore, the Court in this case will have the opportunity to conduct a review of its decision granting conditional collective certification at the decertification stage. As such, we do not feel that it is appropriate to certify either issue raised by Defendant as one which justifies immediate certification for appeal under Section 1292(b).

Additionally, there is nothing so unique about this particular class action that would justify the immediate intervention of the appellate court. As Defendant noted, the Third Circuit has suggested that where class certification involves other overriding legal issues, interlocutory appeal may be appropriate. See Link v. Mercedes-Benz, 550 F.2d at 863. However, the Court does not believe that the issue of whether to

consider Defendant's evidence regarding whether potential class members are similarly situated rises to this level, especially given the fact that the Court will have a chance to review its decision at a later stage of the litigation.

## B. Substantial Grounds for Difference of Opinion

Even where a party identifies a controlling question of law, before immediate review can be considered, there must still be a substantial grounds for difference of opinion. Such grounds exist when there is a genuine doubt or conflicting precedent as to the correct legal standard. "Within the statute providing for authorization of immediate appeal from an otherwise interlocutory order, whether there is a 'substantial ground for difference of opinion' as required for immediate appeal requires inquiry into the merits of a claim, and such a 'substantial ground' may be demonstrated by adducing conflicting and contradictory opinions of courts which have ruled on the issue." Oyster v. Johns-Manville Corp., 568 F. Supp. 83, 86 (E.D. Pa. 1983).

As we noted in our decision granting conditional certification, there is a difference of opinion as to which test should be applied when granting class certification under FLSA. Additionally, the FLSA does not define the term "similarly situated" and neither the United States Supreme Court nor the Third Circuit provide direct guidance on how to make that determination. However, since the other two factors in the test

10

to determine whether to grant interlocutory appeal under Section 1292(b) weigh against granting certification for immediate appeal, the Court will not undertake an exhaustive review of this factor.

## C. Advance the Termination of the Litigation

An interlocutory appeal would not significantly advance the termination of this litigation. While class certification is obviously an key issue in this case, an appeal at this point in the litigation will only slow down its advancement. Additionally, potential class members may be harmed as the statute of limitations would continue to run while the Court waited for the outcome of the appeal. Therefore, an immediate appeal will not significantly advance the termination of this lawsuit.

## IV. Conclusion

The Court denies Defendant's Motion. The issues raised are not controlling questions of law as defined by the current case law. The Court will have a chance to review its grant of conditional class certification at a later date; therefore it is inappropriate to certify these issues for immediate appeal. Additionally, interlocutory appeal will not advance the ultimate termination of the litigation. Therefore, Defendants' Motion must be denied.