UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCISCO PEREIRA, JENNIFER HILL, MATTHEW KNIGHTON and ANDRE MOORE on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FOOT LOCKER, INC., and FOOT LOCKER RETAIL, INC., <br><br> Defendants. | Civil Action No. 07-cv-02157-JCJ <br><br> CLASS/COLLECTIVE ACTION FIRST AMENDED COMPLAINT <br><br> JURY TRIAL REQUESTED |
| IN RE: FOOT LOCKER, INC., FAIR LABOR STANDARDS ACT (FLSA) AND WAGE AND HOUR LITIGATION | MDL No. 2235 |

Francisco Pereira, Jennifer Hill, Matthew Knighton, and Andre Moore (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, allege as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action on behalf of themselves, and all other employees similarly situated, to recover unpaid wages and overtime compensation pursuant to: (1) the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA" or the "Act"); and pursuant to the Illinois Minimum Wage Law ("ILMWL"), 820 ILCS 105/1 *et seq.* and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.* (collectively, the "IL Labor Laws").[1]

---

[1] This First Amended Complaint asserts, among other claims, the claims alleged in the case captioned as *Hill v. Foot*

2. This is a nationwide collective action to recover unpaid wages and overtime compensation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA" or the "Act") on behalf of "Retail Employees," defined as: individuals who are, or were, employed by Foot Locker, Inc., Foot Locker Retail, Inc., or any other parent, subsidiary, related, or successor companies, including Lady Foot Locker and Kids Foot Locker (collectively, the "Company" or "Foot Locker") in its retail stores as an hourly paid, non-exempt retail associate (e.g., (i) Sales Associate (ii) Sales Assistant, (iii) Sales Clerk, (iv) Stock Person and/or (v) Cashier, but not an Assistant Store Manager or Store Manager).

3. Further, Plaintiffs bring this action as a state-wide class action on behalf of all current and former Retail Employees within the State of Illinois to recover all unpaid wages and overtime compensation pursuant to the IL Labor Laws.

## SUMMARY OF CLAIMS

4. Plaintiffs bring this suit on behalf of the classes of similarly situated persons composed of :

    a. All current and former Retail Employees of Defendants who elect to opt-in to this action pursuant to FLSA, 29 U.S.C.§ 216(b) ("Nationwide Collective Class"); and

    b. All current and former Retail Employees of Defendants employed in the State of Illinois who do not opt-out of this action (the "Illinois Class").

5. The Illinois Class and the Nationwide Collective Class are hereafter collectively referred to as the "Classes."

---

*Locker*, No. 08-CH-39148 (Ill. Cir. Court Cook Cnt'y, Chancery Div.), pursuant to the Joint Stipulation and Settlement Agreement ("Settlement Agreement") dated November 17, 2014, and filed with this Court on the same date. *See* MDL 2235, ECF No. 53-3. The Settlement Agreement is hereby incorporated by reference herein, and thus the scope and contours of the proposed classes pleaded here shall conform to settlement classes as defined in the Settlement Agreement.

6. Plaintiffs allege on behalf of themselves and the members of the Nationwide Collective Class that they are: (i) entitled to unpaid wages from Defendants for hours worked in which they did not receive mandated minimum wages, as required by law; (ii) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law; and (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

7. Plaintiffs allege on behalf of themselves and the Illinois Class that Defendants violated the IL Labor Laws by, *inter alia,*: (i) failing to pay them the minimum wage for all hours worked; (ii) failing to pay them overtime compensation at the rate of one and one-half times the employee's regular rate for all hours worked in excess of forty (40) in any given workweek; (iii) failing to pay them all wages, including overtime pay, within the required pay period; and (iv) failing to keep true and accurate records of all hours worked.

8. As a result of Defendants' violation of the FLSA, and IL Labor Laws, Plaintiffs and the members of the Classes were illegally under-compensated for their work.

## FACTUAL ALLEGATIONS

9. Plaintiffs and the other similarly situated members of the Classes are/were employees of Defendants working in retail locations, who were not paid for all the hours they worked, including the payment of premium overtime pay as required by law for all hours worked above and beyond forty (40) in any given workweek.

10. The crux of this nation's employment and labor laws is one simple proposition - employees are entitled to be paid for all hours worked.

11. Further, unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for work in excess of forty (40) hours per week.

12. The duties of Retail Employees are set forth in uniform, company-wide policies and procedures promulgated by Defendants.

13. Pursuant to the Defendants' uniform employment policies, Retail Employees were required to record their hours worked through a computer system at their retail location. To record their time, Retail Employees have been required to log into the computerized cash register each time they begin a workday, begin and return from a rest or lunch break, and when they end their day. The data entered by the Retail Employees is processed by Defendants to calculate the pay of the Retail Employees.

14. Pursuant to Defendants' employment policies and practices, Retail Employees were unable to accurately record all time worked. Further, managers of the retail locations have access to the data entered by the Retail Employees, and can manipulate and/or edit the recorded hours entered by the Retail Employees before the data is processed by Defendants and the pay of the Retail Employees is calculated.

15. Upon information and belief, persons within the Company, including managers in charge of the Defendants' retail locations, with the knowledge and complicity of the Company, regularly altered the computerized records of the hours worked by the Retail Employees to reflect a lower number of hours worked by the Retail Employees than the actual hours worked ("Shaved Time").

16. Upon information and belief, Defendants set the number of hours each retail store may allocate among its Retail Employees. Managers of Defendants' retail stores are pressured and incentivized to stay within their stores' budgeted number of labor hours.

17. Upon information and belief, managers engaged in the Shaved Time practice in order to comply with the Company's set monthly allocation of hours for a given retail location.

18. Upon information and belief, Plaintiffs and members of the Classes were required to perform work for the benefit of Defendants while they were "Off the Clock." This practice entailed members of the Classes performing work either before their official time-keeping record began, or after their official time-keeping period ended ("Off the Clock"). Retail Employees are/were not credited for the time spent performing services Off the Clock.

19. Upon information and belief, managers of Defendants' retail stores required employees to work Off the Clock in order to comply with the Company's set monthly allocation of labor hours for a given retail location.

20. Upon information and belief, pursuant to the employment policy and procedures of Defendants, managers of Defendants' retail stores received bonuses in their monthly compensation if their store meets certain profit goals.

21. Based on the employment policy and procedures of Defendants, managers of the retail stores have an incentive to engage in Off the Clock and Shaved Time practices to increase their compensation, thereby not crediting Retail Employees for all hours worked.

22. The direct result of the Shaved Time and Off the Clock practices is that Plaintiffs and the members of the Classes were not compensated for all the hours they worked.

23. Additionally, as a result of Defendants' Off the Clock and Shaved Time practices, Plaintiffs and members of the Classes were not credited for all their actual hours worked. The effect of this is that the actual hours worked by Plaintiffs and members of the Classes often were above forty (40) during a workweek, thereby making them eligible for premium overtime compensation. However, due to Defendants' Off the Clock and Shaved Time practices, the recorded hours of Plaintiffs and members of the Classes did not reflect these overtime hours.

24. Further, pursuant to Defendants' employment policies (including Off the Clock and Shaved Time practices), Plaintiffs and the members of the Classes did not receive compensation for all hours worked, including premium overtime compensation in an amount equal to one and one half times their regular rate of pay for each hour worked in excess of forty (40) for any given workweek.

25. Although the FLSA, and IL Labor Laws provide for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

26. First and foremost, Plaintiffs and members of the Classes are not administratively exempt because, among other things, their primary duty is the sale of Defendants' sports apparel products. Individuals whose principal duty is sales do not fall within the ambient of the administrative exemption.

27. Further, Retail Employees also do not qualify for the executive exemption, in that they are not responsible for managing the affairs of the Company.

28. Plaintiffs and the Classes also do not qualify for the professional exemption described in the Act, *see* 29 U.S.C. § 213, or under the IL Labor Laws because Retail Employees are not employed in a *bona fide* professional capacity, requiring an advanced degree in a field of science or learning.

29. Finally, because they did not receive a majority of their compensation in the form of commissions, Retail Employees do not qualify for the inside sales exemption described in the Act, or any applicable commissioned sales exemption.

30. As such, Retail Employees, including Plaintiffs and members of the Classes, are not exempt from the requirement of premium overtime pay.

31. In violation of the Act, and IL Labor Laws, Plaintiffs and the members of the Classes are/were not paid for all the hours worked in a given workweek, and are/were not paid overtime compensation at a rate not less than one and one-half times their regular rate for work performed beyond the forty (40) hour workweek.

32. Plaintiffs allege on behalf of the members of the Classes that Defendants' failure to pay wages for all hours worked and premium overtime compensation for hours worked in excess of forty (40) was knowing and willful. Accordingly, Plaintiffs and the members of the Classes are entitled to recover all wages due for hours worked, including overtime, for which the appropriate compensation was not paid.

33. Evidence reflecting the precise number of hours worked by Plaintiffs and every other member of the Classes, as well as the applicable compensation rates, is in the possession of Defendants. If these records are unavailable, members of the Classes may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946).

34. Each of the foregoing acts is in contravention of applicable employment laws.

## JURISDICTION AND VENUE

35. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331.

36. Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because those claims derive from a common nucleus of operative facts.

37. In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

38. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendants are subject to personal jurisdiction in this district.

## PARTIES

39. Plaintiff Francisco Pereira ("Plaintiff Pereira") was a Retail Employee employed by Defendants in the Commonwealth of Pennsylvania during the statutory period covered by this Complaint, who Defendants failed to compensate for all hours worked, including premium compensation at one and one half times his regular rate for all hours above and beyond forty (40) hours for a workweek.

40. Plaintiff Jennifer Hill ("Hill") was a Retail Employee employed by Defendants in the State of Illinois during the statutory period covered by this Complaint, who Defendants failed to compensate for all hours worked, including premium compensation at one and one half times her regular rate for all hours above and beyond forty (40) hours for a workweek.

41. Plaintiff Matthew Knighton ("Knighton") was a Retail Employee employed by Defendants in the State of Illinois during the statutory period covered by this Complaint, who Defendants failed to compensate for all hours worked, including premium compensation at one and one half times his regular rate for all hours above and beyond forty (40) hours for a workweek.

42. Plaintiff Andre Moore ("Moore") was a Retail Employee employed by Defendants in the State of Illinois during the statutory period covered by this Complaint, who Defendants failed to compensate for all hours worked, including premium compensation at one and one half times his regular rate for all hours above and beyond forty (40) hours for a workweek.

43. For purposes of the Nationwide Collective Class, Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

44. Defendant Foot Locker, Inc. is a corporation organized and existing under the laws of the State of New York which is registered to do business in the Commonwealth of Pennsylvania and the State of Illinois. Foot Locker, Inc. does business as an international retailer of athletic footwear and apparel with over a thousand stores located nationwide. At all relevant times during the statutory period covered by this Complaint, Foot Locker, Inc. has maintained stores within the State of Illinois, and the Commonwealth of Pennsylvania, including retail stores within this District. Foot Locker, Inc. employs, upon information and belief, hundreds of Retail Employees in the Commonwealth of Pennsylvania at any one time during the relevant class period, and Plaintiffs believe the Nationwide Collective Class would cover thousands more additional Retail Employees.

45. Defendant Foot Locker Retail, Inc. is a domestic corporation organized and existing under the laws of the State of New York which conducts business in the Commonwealth of Pennsylvania as a retailer of athletic footwear and apparel. At all relevant times during the statutory period covered by this Complaint, Foot Locker Retail, Inc. has maintained and operated retail stores within the Commonwealth of Pennsylvania, including stores within this District. Foot Locker Retail, Inc. employs, upon information and belief, hundreds of Retail Employees in the Commonwealth of Pennsylvania at any one time during the relevant class period, and Plaintiffs believe the Nationwide Collective Class would cover thousands more additional Retail Employees.

## COLLECTIVE/CLASS ACTION ALLEGATIONS

46. Plaintiffs bring this action on behalf of the Nationwide Collective Class as a collective action pursuant to the Fair Labor Standards Act, § 216(b) and on behalf of the Illinois Class, as a state-wide class action, for claims under the IL Labor Laws pursuant to the Federal Rules of Civil Procedure 23.

47. The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b). The claims under the IL Labor Laws may be pursued by all similarly-situated persons who choose not to opt-out of the Illinois Class, pursuant to the Federal Rules of Civil Procedure 23.

### Allegations Applicable To All Classes

48. The members of each of the foregoing defined classes are so numerous that joinder of all members is impracticable. While the exact number of the members of the Classes is unknown to Plaintiffs at this time, and can only be ascertained through appropriate discovery of Defendants' records, Plaintiffs believe there are, at minimum, hundreds of individuals in each class.

49. Plaintiffs will fairly and adequately protect the interests of the Classes and have retained counsel that is experienced and competent in class action and employment litigation. Plaintiffs have no interests that are contrary to, or in conflict with, the members of the Classes.

50. A class action/collective action suit, such as the instant one, is superior to other available means for the fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for the members of the Classes to individually seek redress for the wrongs done to them.

10

51. A class/collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, the members of the Classes likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of FLSA § 207, and IL Labor Laws.

52. Furthermore, even if every member of the Classes could afford individual litigation against the Company, it would be unduly burdensome to the judicial system. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Classes and provide for judicial consistency.

53. There is a well-defined community of interest in the questions of law and fact affecting the Classes as a whole. The questions of law and fact common to the Classes predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

>   a. Whether the Defendants employed the members of the Classes within the meaning of the applicable statutes, including the FLSA;
> 
>   b. Whether Defendants failed to pay Plaintiffs and members of the Classes all compensation due to them, including premium overtime compensation for each hour worked in excess of forty (40) for a workweek;
> 
>   c. Whether Plaintiffs and members of the Classes were expected to and/or mandated to regularly work hours Off the Clock;
> 
>   d. Whether Plaintiffs and the members of the Classes were credited for all actual hours worked;
> 
>   e. Whether Defendants failed to pay Plaintiffs and members of the Classes for all hours worked;
> 
>   f. Whether Defendants' timekeeping system, practices and policies prevented Plaintiffs and members of the Classes from accurately recording all time worked;
> 
>   g. Whether Defendants violated any other statutory provisions regarding compensation due to Plaintiffs and members of the Classes; and

  h. Whether Plaintiffs and the members of the Classes have sustained damages and, if so, what is the proper measure of damages.

54. Plaintiffs' claims are typical of the claims of the Classes. Plaintiffs and the Class have sustained damages arising out of the wrongful and uniform employment policies and practices of Defendants in violation of the FLSA, and the IL Labor Laws.

55. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

### Allegations Specific To the Collective Action Class

56. Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute the FLSA claims as a collective action on behalf of:

> All persons, who: (i) are/were employed as Retail Employees with the Company; (ii) who are/were not paid for all the hours worked in a given workweek; (iii) are/were not paid overtime compensation at a rate not less than one and one-half times their regular rate for each hour worked beyond forty (40) hours during a workweek; and (iv) who chose to opt-in to this action (the "National Collective Class").

57. Notice of the pendency and any resolution of this action can be provided to National Collective Class by mail, print, and/or internet publication.

### Allegations Specific to the Class Action Class

58. Plaintiffs Hill, Knighton, and Moore bring this action as a class action pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure on behalf of themselves and the following persons similarly situated ("the Illinois Class"):

> All persons within the State of Illinois who: (i) are/were employed as Retail Employees with the Company; (ii) who are/were not paid for all the hours worked in a given workweek; and (iii) are/were not paid overtime compensation at a rate not less than one and one-half times their regular rate for each hour worked beyond forty (40) hours in a workweek.

59. In addition to the common issues of fact described above, the members of the Illinois Class have numerous common issues of fact, including whether Defendants: (i) failed to compensate adequately the members of the Illinois Class for all hours worked; (ii) failed to compensate adequately the members of the Illinois Class for overtime hours worked as required by the IL Labor Laws; and (iii) damaged members of the Illinois Class and, if so, the extent of the damages.

## COUNT ONE

60. Plaintiffs incorporate the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

61. At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

62. At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each member of the Nationwide Collective Class within the meaning of the FLSA.

63. As stated above, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiffs and the Nationwide Collective Class in an amount equal to one and one half times their regular rate of pay for each hour worked in excess of forty (40) hours per week.

64. Defendants' failure to pay Plaintiffs and all other members of the Nationwide Collective Class for all hours worked in a given workweek, and failure to pay overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hour workweek, is a violation of the Fair Labor Standards Act of 1938, in particular 29 U.S.C. §§ 206, 207.

65. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

66. Due to the Defendants' FLSA violations, Plaintiffs, on behalf of the members of the Nationwide Collective Class, are entitled to recover from Defendants, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT TWO

67. Plaintiffs incorporate the allegations contained in paragraphs 1-60 of this Complaint as if fully set forth herein.

68. As stated above, Plaintiffs and members of the Classes were required to perform work on behalf of Defendants while Off the Clock.

69. Plaintiffs and members of the Nationwide Collective Class did not receive compensation for the amount of time they spent working Off the Clock and for their Shaved Time at a rate at least equal to the federal minimum wage.

70. Pursuant to Sections 16(c) of the Act, Plaintiffs and the members of the Nationwide Collective Class are entitled to liquidated damages equal in amount to the unpaid compensation for the hours worked in which they did not receive compensation equal to the federal minimum wage in an amount to be proven at trial, together with interest, costs, and reasonable attorneys' fees.

## COUNT THREE

71. Plaintiffs incorporate the allegations contained in paragraphs 1-60 of this Complaint as if fully set forth herein.

72. The State of Illinois has recognized the importance of protecting employees, and as such has codified its own regulations in the IL Labor Laws.

73. The IL Labor Laws, specifically 820 ILCS 105/2, state that all employees shall be paid a minimum wage for all hours worked.

74. As stated above, pursuant to Defendants' employment policies alleged herein, Plaintiffs Hill, Knighton, and Moore and the members of the Illinois Class were not paid for all of their actual hours worked.

75. Plaintiffs Hill, Knighton, and Moore and the members of the Illinois Class did not receive compensation for the amount of time they spent working Off the Clock and for their Shaved Time at a rate at least equal to the Illinois minimum wage.

76. Pursuant to 820 ILCS 105/12a, Plaintiffs Hill, Knighton, and Moore and members of the Illinois Class are entitled to recover unpaid wages for the hours worked in which they did not receive compensation at least equal to the minimum wage in an amount to be proven at trial, plus costs, reasonable attorneys' fees, and punitive damages in the amount of two percent (2%) per month of the amount of underpayment.

## COUNT FOUR

77. Plaintiffs incorporate the allegations contained in paragraphs 1-60 of this Complaint as if fully set forth herein.

78. The IL Labor Laws, specifically 820 ILCS 105/4a, state that an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week, unless the employee falls under one of the enumerated exemptions.

79. As stated above, due to Defendants' employment policies, including Off the Clock

and Shaved Time practices, Plaintiffs Hill, Knighton, and Moore and members of the Illinois Class were not credited for all of the actual hours that they worked.

80. Plaintiffs Hill, Knighton, and Moore and the members of the Illinois Class were not paid an amount equal to one and one-half times their regular rate for each actual hour worked in excess of forty (40) during a workweek.

81. During the applicable statutory period, Plaintiffs Hill, Knighton, and Moore and the members of the Illinois Class did not meet the tests for exempt status under the IL Labor Laws.

82. Defendants' willfull and unlawful acts constitute violations of the IL Labor Laws, by not paying the required overtime pay to Plaintiffs Hill, Knighton, and Moore and the members of the Illinois Class.

83. Pursuant to 820 ILCS 105/12a, Plaintiffs Hill, Knighton, and Moore, on behalf of the Illinois Class, request an order requiring Defendants to make restitution of all overtime wages due to the Illinois Class in an amount to be proven at trial, along with the costs of this litigation, reasonable attorneys' fees, and punitive damages in the amount of two percent (2%) per month of the amount of underpayment.

### COUNT FIVE

84. Plaintiffs incorporate the allegations contained in paragraphs 1-60 of this Complaint as if fully set forth herein.

85. Pursuant to the IWPCA, 820 ILCS 115/1 *et seq.*, every employer shall pay "all wages earned by an employee during a semi-monthly or bi-weekly pay period" not later than "13 days after the end of the pay period in which such wages were earned."

86. The IWPCA further provides that employers "shall pay the final compensation of

separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

87. Defendants failed to pay Plaintiffs Hill, Knighton, and Moore and the members of the Illinois Class all wages due to them in the requisite time period as required by the IL Labor Laws and are in violation of 820 ILCS 115/1 *et seq.*

88. As such, Plaintiffs Hill, Knighton, and Moore, on behalf of the Illinois Class, demand an accounting and payment of all wages due, plus interest, costs of this litigation, and reasonable attorneys' fees as allowed by law, and such other relief this Court deems just and appropriate.

## COUNT SIX

89. Plaintiffs incorporate the allegations contained in paragraphs 1-60 of this Complaint as if fully set forth herein.

90. 820 ILCS 105/8 requires employers to keep for a period of not less than three (3) years, true and accurate records of, among other things, the name, address, and occupation of each of its employees, the rate of pay and amount paid each pay period to each employee, and the hours worked each day in each workweek by each employee.

91. Upon information and belief, Defendants did not keep such records in violation of the IL Labor Laws.

92. Therefore, Plaintiffs Hill, Knighton, and Moore, on behalf of the Illinois Class, request all such relief that this Court deems appropriate pursuant to the IL Labor Laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for:

A. An Order designating the Nationwide Collective Class as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with

instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

B. An Order designating the Illinois Class as an Illinois state class action pursuant to the Federal Rule of Civil Procedure 23;

C. An Order appointing Plaintiffs and their counsel to represent the Classes;

D. An Order awarding attorneys' fees and costs;

E. For all other relief as the Court deems just.

Dated: November 21, 2014.

**KESSLER TOPAZ MELTZER & CHECK LLP**

/s/ Peter A. Muhic
Peter A. Muhic
James A. Maro
Monique Myatt Galloway
Julie Seibert-Johnson
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610-667-7706
Facsimile: 610-667-7056
*Counsel for Plaintiffs*